IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PETER FRANCHOT, <br><br> *Defendant*. | No. 1:21-cv-410-DKC |

**PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs the Chamber of Commerce of the United States of America, Internet Association, NetChoice, and the Computer & Communications Industry Association (collectively, plaintiffs) respectively cross-move for summary judgment under Federal Rule of Civil Procedure 56 against Defendant Peter Franchot on Counts I-IV of the Amended Complaint (Dkt. 25) for the reasons stated more fully in plaintiffs' accompanying memoranda of law. In support of their cross-motion for summary judgment, plaintiffs state as follows:

1. This action seeks a declaration and injunction against enforcement of the Maryland Digital Advertising Gross Revenues Tax, enacted by the General Assembly as House Bill 732 and amended by Senate Bill 787 and codified as Maryland Code Tax-Gen. title 7.5 (the Act). The Act is preempted by the Internet Tax Freedom Act (Count I), violates the Commerce Clause of the United States Constitution (Count II), violates the Due Process Clause of the United States Constitution (Count III), and, with respect to the law's pass-through prohibition, violates the Commerce Clause and the First Amendment of the United States

1

Constitution (Count IV). *See* Amended Compl. ¶¶ 76-96.

2. Plaintiffs are entitled to summary judgment on their claim of preemption under the Internet Tax Freedom Act (ITFA). ITFA preempts any charge imposed in a discriminatory manner on electronic commerce. 47 U.S.C. § 151 note (ITFA) § 1101(2)(A). Maryland has imposed a discriminatory charge within the meaning of ITFA, subjecting advertising services delivered over the internet to an onerous charge not imposed on "similar" advertising services published through other means.

3. Plaintiffs are entitled to summary judgment on their claim that the Act violates the Commerce Clause. The Act discriminates against interstate commerce both facially and in practical effect, and it punishes and burdens extraterritorial conduct.

4. Plaintiffs are entitled to summary judgment on their claim that the Act violates the Due Process Clause because the Act in effect imposes economic sanctions on the basis of conduct occurring in other States.

5. Plaintiffs are entitled to summary judgment on their claim that the Act's pass-through prohibition violates the Commerce Clause and/or the First Amendment. By barring a payer from "directly pass[ing] on the cost of the tax" to a downstream market participant "by means of a separate fee, surcharge, or line item" on an invoice or bill (Tax-Gen. § 7.5-102(c)), it either prohibits speech based upon its content or otherwise regulates extraterritorial conduct and discriminates against out-of-state purchasers.

For the foregoing reasons, together with those stated more fully in the accompanying memorandum of law, the Court should grant plaintiffs' cross-motion and enter summary judgment in their favor on each count of the Amended Complaint.

Dated: July 29, 2021

Respectfully submitted,

/s/ *Michael B. Kimberly*

Michael B. Kimberly (No. 19086)
Paul W. Hughes (No. 28967)
Stephen P. Kranz*
Sarah P. Hogarth*
  *McDermott Will & Emery LLP*
  *500 North Capitol Street NW*
  *Washington, DC 20001*
  *mkimberly@mwe.com*
  *(202) 756-8000*

*Attorneys for All Plaintiffs*

Tara S. Morrissey*
Jennifer B. Dickey*
  *U.S. Chamber Litigation Center*
  *1615 H Street NW*
  *Washington, DC 20062*
  *tmorrissey@uschamber.com*
  *(202) 463-5337*

*Attorneys for the Chamber of Commerce of the United States of America*

 *\* admitted pro hac vice*