IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 1:21-cv-00410-LKG |
| | * | |
| PETER FRANCHOT, | * | |
| *Defendant*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR POSTPONEMENT**

Counsel for defendant Peter Franchot, Comptroller of the State of Maryland, submits this short reply to plaintiffs' response in opposition to the motion for postponement, ECF 60. Undersigned counsel has been involved in litigating redistricting matters for the State of Maryland since 2002, and plaintiffs' response in this case marks the first time in counsel's experience that any litigant has ever objected to the State's request for postponement or extension to accommodate the once-per-decade need to address the unusually time-sensitive resolution of petitions filed in the Court of Appeals challenging newly drawn legislative districts.

The drafters of the Constitution of Maryland took the unusual step of giving the Court of Appeals original jurisdiction over such petitions, Md. Const. art. III, § 5, precisely because of their importance and the need for dispatch in resolving them to avoid interference with the electoral process.  Though plaintiffs' counsel professes to know better than the State when "the more burdensome and lengthy stages of the redistricting litigation" will occur, ECF 60 at 3, that assertion reflects a lack of experience in litigating redistricting petitions in the Court of Appeals of Maryland.  The Court of Appeals has made clear in its January 28, 2022 order that "time is of the

essence in determining the validity of the 2022 legislative districting plan," ECF 59-3 at 3, and in announcing that determination the Court has signaled that there will be no "lengthy stages" of its process and that the most "burdensome" phase of the litigation, ECF 60 at 3, has already commenced but is expected to be comparatively short-lived.

Plaintiffs cite as reasons for opposing the requested postponement their previous email messages expressing a wish for briefing to move at a pace that would enable them to "have a decision in time to settle certain practical, preliminary compliance issues sufficiently in advance of the effective date of the law." ECF 60.  That wish is understandable, perhaps, but (1) plaintiffs have at no time moved for a preliminary injunction or otherwise asked the Court to expedite proceedings, as parties typically do when their need for equitable relief is urgent, and (2) at this point, it will not be possible, under any conceivable circumstances, to "settle" definitively so-called "compliance issues," *id.*, or other issues raised in the amended complaint, "before the effective date of the law," *id.*  As provided in legislation enacted in the 2021 session, the Digital Advertising Gross Revenue Tax Act has already become applicable to the tax year that began on January 1, 2022, *see* 2021 Md. Laws ch. 669, § 6 (providing that the Act "shall be applicable to all taxable years beginning after December 31, 2021"), and the first estimated tax returns under the Act are due April 15, 2022, Md. Code Ann. Tax-Gen. § 7.5-201(b)(1).  It is not possible to achieve final resolution of plaintiffs' claims by that date, because an appeal of this Court's disposition of the case likely awaits, irrespective of when and how this Court rules.

Plaintiffs suggest that it would not be "unduly burdensome" to "prepare for and attend a single hearing," ECF 60 at 2, and under normal circumstances they would be correct, but these are not normal circumstances.  Counsel for defendant has asked for the minimum postponement needed to do justice both to the demanding expectations of the Court of Appeals of Maryland in

this once-per-decade redistricting scenario, and to the expectations of this Court when it entertains argument on dispositive motions raising important constitutional and statutory questions that bear upon state taxation and Maryland's ability to raise revenue for public education. The Court's indulgence of defendant's request for postponement is especially appropriate, in light of the "constraint" that "has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010).

## CONCLUSION

For the reasons stated above and in the motion for postponement, the Court should grant the request for postponement.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Steven M. Sullivan

_____
JULIA DOYLE BERNHARDT
Federal Bar No. 25300
jbernhardt@oag.state.md.us
STEVEN M. SULLIVAN
Federal Bar No. 24930
ssullivan@oag.state.md.us
Assistant Attorneys General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-7291
(410) 576-6955 (facsimile)

February 2, 2022                                                            Attorneys for Defendant