IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, | *<br>*<br>* |
| *Plaintiffs*, | * |
| v. | No. 1:21-cv-00410-LKG |
| | * |
| PETER FRANCHOT, | * |
| *Defendant*. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**JOINT STATUS REPORT**

Pursuant to the Court's direction at the conclusion of its Memorandum Opinion and Order dated March 31, 2022 (ECF No. 67), the parties respectfully submit this joint status report indicating their respective views on how this matter should proceed, including a proposed schedule.

**I.   The parties stipulate to the following:**

    a.    Tax-General § 7.5-102(c) does not prohibit a person who derives gross revenues from digital advertising services in the State from indirectly passing on the cost of the tax imposed under Tax-General § 7.5-102 by factoring such cost into its customer pricing. The cost of the tax is passed on directly only when it is imposed on the customer by means of a "separate fee, surcharge, or line-item."

    b.    In light of the foregoing stipulation, plaintiffs withdraw that part of the Amended Complaint claiming that Tax-General § 7.5-102(c) violates the Commerce Clause or dormant Commerce Clause.

II.  **Plaintiffs' position**

Defendants moved to dismiss (ECF No. 29) plaintiffs' amended complaint (ECF No. 25) under both rules 12(b)(1) and 12(b)(6). Plaintiffs responded with an opposition brief combined with a cross-motion for summary judgment (ECF No. 31) as to each claim. The Court's March 31, 2022 Memorandum Opinion and Order dismissed counts I-III of the complaint under Rule 12(b)(1), holding that the Tax Injunction Act bars the claims. It rejected, however, the State's TIA arguments with respect to Count IV and thus declined to dismiss that count. It is plaintiffs' position that neither the State's motion to dismiss that count under Rule 12(b)(6) nor plaintiffs' cross-motion for summary judgment on that count is moot. As narrowed by the parties' stipulation in this joint status report, Count IV is purely legal and requires no discovery. Both motions as to Count IV are thus ripe for decision.

The Court may nonetheless benefit from supplemental briefs that further clarify the issues in light of the Court's March 31 order and the parties' stipulation in this joint status report. If so, we propose that it afford the parties three weeks—to and including April 25, 2022—within which to file a single set of simultaneous supplemental briefs. In light of the extensive prior briefing, plaintiffs do not believe that supplemental replies are necessary or warranted.

If the Court orders simultaneous supplemental briefs as proposed, we request an oral argument to take place in May. If the Court does not order supplemental briefs, we request an oral argument at the Court's earliest convenience.

III.  **Defendant's position:**

a.  Motions. Although the Court ruled on defendant's motion to dismiss Court IV under Rule 12(b)(1), it did not rule on defendant's motion to dismiss Count IV for failure to state a claim under Rule 12(b)(6).  Thus, in Defendant's view, that part of the motion to dismiss is still outstanding.  For the same reasons, plaintiffs' cross-

motion for summary judgment on the merits of Count IV is not moot but is still pending.

b. Supplemental briefing on outstanding motions: Any supplemental briefing on the outstanding motions should provide for simultaneous filing of the parties' supplemental briefs within 3 weeks of the Court's request, with both sides having the option to file a reply brief within 3 weeks of the filing of the initial supplemental brief.

c. Answer. Defendant is prepared to file an answer within 14 days if the Court denies defendant's pending motion.

d. Defendant requests that the Court schedule argument on the outstanding motions. If oral argument cannot be scheduled in May, defendant requests that it be scheduled after July 11, 2022 as none of the undersigned counsel for defendant will be available in June due to previously scheduled matters.

| | |
|---|---|
| April 4, 2022 | Respectfully submitted, |
| */s/ Michael B. Kimberly*<br>(with permission) | Brian E. Frosh<br>Attorney General of Maryland |
| Michael B. Kimberly<br>McDermott Will & Emery LLP<br>500 North Capitol Street NW<br>Washington, DC 20001<br>(202) 756-8000 | */s/ Julia Doyle Bernhardt*<br>Julia Doyle Bernhardt (Bar No. 25300)<br>jbernhardt@oag.state.md.us |
| Attorney for Plaintiffs | */s/ Steven M. Sullivan*<br>Steven M. Sullivan (Bar No. 24930)<br>ssullivan@oag.state.md.us<br>Assistant Attorneys General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202 |

*/s/ Brian L. Oliner*
Brian L. Oliner (Bar No. 05780)
boliner@marylandtaxes.gov
Assistant Attorney General
80 Calvert Street, Room 303
P.O. Box 591
Annapolis, Maryland 21404

Attorneys for Defendant