**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PETER FRANCHOT, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 21-cv-00410-LKG

Dated: July 13, 2022

## SCHEDULING ORDER

On July 12, 2022, the Court held oral arguments on the parties' cross-motions on the issue of whether the pass-through prohibition contained in Maryland's Digital Advertising Gross Revenues Tax Act (the "DATA") violates the First Amendment. The Court has determined that additional briefing is necessary to resolve this issue. And so, the parties shall FILE supplemental briefs on the following issues:

1. Whether plaintiffs have satisfied the pre-requisite for bringing a facial challenge to the DATA's pass-through prohibition under the First Amendment, by showing either that:

   a. "[N]o set of circumstances exists under which [the pass-through prohibition] would be valid, or that the [pass-through prohibition] lacks any plainly legitimate sweep;" or

   b. The pass-through prohibition is "overbroad [because] a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep."

   *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 282 (4th Cir. 2013) (quoting *United States v. Stevens*, 559 U.S. 460, 472-73 (2010)).

2. Should the Court determine that the pass-through prohibition, either in whole or in part, regulates commercial speech, whether the pass-through prohibition satisfies intermediate scrutiny, by showing that:

   a. The "regulated speech concerns lawful activity and is not misleading;"

    b.    The pass-through prohibition "is supported by a substantial government interest;"

    c.    The pass-through prohibition "directly advances that [substantial government] interest; and"

    d.    The pass-through prohibition "is not more extensive than necessary to serve the government's interest."

*See Ed. Media Co. at Va. Tech, Inc. v. Insley*, 731 F.3d 291, 298 (4th Cir. 2013) (citing *Central Hudson Gas & Elec. Corp. v. Public Service Comm'n of N.Y.*, 447 U.S. 557, 566 (1980)).

The parties shall **MEET-and-CONFER** and **FILE** a joint status report proposing a schedule for the briefing of these issues on or before **July 22, 2022**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

2