IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, *et al.*,

        *Plaintiffs*,

v.

PETER FRANCHOT,

        *Defendant*.

No. 1:21-cv-410-DKC

**JOINT STATUS REPORT**

    Pursuant to the Court's scheduling order of July 13, 2022, the parties respectfully submit this joint status report indicating their respective views on how supplemental briefing should proceed, including a proposed schedule.

    1.    On July 12, 2022, the Court heard oral argument on count IV of plaintiffs' complaint. The Court indicated that it would like to hear further from plaintiffs concerning the suitability of this case for a facial challenge rather than an as-applied challenge; and further from the State concerning the grounds asserted for satisfying the applicable level of scrutiny.

    2.    On June 13, 2021, the Court issued a scheduling order directing the submission of this status report. In that order, the Court posed two multi-pronged questions consistent with its request for further briefing at the hearing. The first set of questions concern the propriety of a facial challenge, and the second set of questions concern whether the pass-through prohibition satisfies intermediate scrutiny.

1

3. The parties have conferred and have agreed to a two-step framework for addressing the questions posed by the Court. At step one, plaintiffs will file an opening supplemental brief addressing exclusively the first question posed in the Court's July 13 order, and the State will file an opening brief addressing exclusively the second question. At step two, plaintiffs will file a reply that responds to the State's first-step brief, and the State will file a reply that responds to plaintiffs' first-step brief.

4. The parties agree that supplemental briefing should conclude by the end of August and thus have agreed to August 30 as the due date for the second-step brief.

5. The parties have been unable to agree on a due date for the first-step brief and provide their respective positions below.

   a. Plaintiffs' position:

Plaintiffs respectfully request that the Court set a due date of August 9 for the first-step brief, which is precisely four weeks following the July 12 hearing and three weeks in advance of the agreed due date of August 30 for the second-step brief.

At the outset of the parties' negotiations on this point, counsel for the plaintiffs initially proposed August 5 as the due date. Counsel for the State responded that he would prefer August 12. Counsel for plaintiffs offered August 9 as a compromise, giving the State a majority of the seven-day difference between the parties' opening positions. He explained that he has longstanding plans to be on vacation abroad with his family (for the first time since the pandemic began 2.5 years ago) beginning late in the evening on August 9.

Counsel for the State refused plaintiffs' compromise offer, offering no specific reason why August 9 is unworkable for the State. He explained only that August 12 is "reasonable" and that the Attorney General's Office is generally busy.

Because counsel for the State has not furnished any specific reason why a simultaneous filing on August 9—a mere 72 hours earlier than its preferred date of August 12—is unacceptable, and because August 9 reflects a compromise position that accommodates plaintiffs' counsel's longstanding family travel plans, plaintiffs respectfully ask the Court to set a due date for the first-step brief of August 9.

    b.    Defendant's position:

Defendant is willing to accept whatever briefing arrangement plaintiffs prefer, subject to the Court's approval, so long as defendant is provided a reasonable time to produce the briefing the Court has requested. Defendant believes that a filing date of August 12, 2022 (exactly 30 days from the Court's July 13, 2022 scheduling order directing further briefing) is reasonable and allows the minimum time necessary to prepare a brief that is sufficiently helpful to the Court.

After the Court issued its July 13, 2022 scheduling order, plaintiffs first proposed one briefing arrangement (each party files a single supplemental brief), and have since changed their minds and proposed a different arrangement (each party files two supplemental briefs, one opening and a second responsive). Defendant promptly agreed to plaintiffs' first proposed briefing arrangement, and then promptly agreed when plaintiffs proposed a different briefing arrangement. Defendant has made only one request of plaintiffs: a reasonable time within which to research and draft the briefing that the Court has requested from defendant.

In the parties' email exchange[1] when plaintiffs were still proposing that each party file only a single supplemental brief, Mr. Kimberly acknowledged that 30 days is a reasonable time to request. Mr. Kimberly's sole reason for objecting to August 12 for the filing date was that he (though not his co-counsel) will be on vacation on August 12. Defendant offered three ways to accommodate Mr. Kimberly's vacation plans: (1) plaintiffs could file their brief on the August 9 date he prefers for filing, and defendant could file his brief on August 12; (2) Mr. Kimberly's co-counsel could delay filing plaintiffs' completed brief until August 12, so that the parties file simultaneously on that date, or (3) the parties could agree to propose an initial filing date that is after Mr. Kimberly's return from vacation. Mr. Kimberly has rejected all three of these alternatives.

As to the possibility of setting the filing date for after Mr. Kimberly's return from vacation, he emailed on July 15 that he would check with his clients. Then on July 19 Mr. Kimberly sent an email still insisting that the parties file briefs on August 9 because his "clients are concerned about pushing out the briefing too far," but the same email proposed a new briefing arrangement that would "push[] out the briefing" farther than previously discussed, by having each party file a second supplemental brief on August 30.

Whichever arrangement the Court adopts (single brief from each party or initial brief plus responsive brief from each party), defendant requests until August 12, 2022 for the initial filing, which plaintiffs have acknowledged to be reasonable. The Court has determined that the parties should have an opportunity to supply what the Court believes is missing from the briefing to date via supplemental briefing. Discovering how best to fill that

---

[1] A copy of the parties' email exchange is provided as attachments 1 and 2 to this joint status report.

void requires time to research and consult with colleagues and clients who have pertinent knowledge and experience. With the possible exception of the week between Christmas and New Years, July and August constitute the worst possible time to try to reach people in State government. Just as Mr. Kimberly is taking a vacation in August, vacations are being enjoyed by public employees, both within the Office of the Attorney General and at the State agencies our Office represents. Under these circumstances, defendant requests that the parties be allowed until August 12 to file (whether it be an opening brief or the sole supplemental brief).

| | |
|---|---|
| Dated: July 22, 2022 | Respectfully submitted, |
| /s/ *Steven M. Sullivan* | /s/ *Michael B. Kimberly* |
| Steven M. Sullivan (No. 24930)<br>  *Assistant Attorney General*<br>  *200 Saint Paul Place, 20th Floor*<br>  *Baltimore, Maryland 21202*<br>  *ssullivan@oag.state.md.us*<br>  *(410) 576-6427* | Michael B. Kimberly (No. 19086)<br>  *McDermott Will & Emery LLP*<br>  *500 North Capitol Street NW*<br>  *Washington, DC 20001*<br>  *mkimberly@mwe.com*<br>  *(202) 756-8000* |
| *Counsel for Defendant*<br>*(signed with permission)* | *Counsel for Plaintiffs* |

**Attachment 1**

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 2:41 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

I still do not understand the steadfast objection to August 9 given your position that August 12 "is a reasonable time." Nonetheless, I will check with my clients about a date in late August, instead. To be upfront, the concern—of which I think we're all acutely aware—is that our motions have already been pending for longer than one year. There are reasons for this, not all in our control, but my clients have grown extremely weary of all the delays, and I cannot promise that they will agree to a later date. I will let you know what I hear back.

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 2:29 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>; Kimberly, Michael <Mkimberly@mwe.com>
**Subject:** Re: Chamber of Commerce v. Franchot

[ External Email ]
Michael,

If your concern is that we will derive some advantage from seeing your brief before we file (as you expressed in a previous email), then we can solve that problem by having both parties' briefs due simultaneously after you return from your family vacation.

So the due date can be set on a day in the week after your return from abroad.  Of course, you would still be free to complete drafting of the brief before you depart, if that is your preference. This solution will be fair both to you and to us.  I doubt the Court will mind the extra time for filing.

Steve

Sent from my T-Mobile 5G Device
Get [Outlook for Android](#)

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 2:11:27 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

The question isn't whether August 12 is a reasonable due date generally speaking; it certainly is. The question is whether you have a good reason to demand August 12 rather than August 9 in light of my real and substantial conflict with August 12.

As to that issue, I'm genuinely perplexed by your response. You, your office, and I have a long history over many cases of working together with mutual concern and respect to reach reasonable compromises on scheduling issues like this. Your refusal in this particular instance to take into consideration my longstanding travel plans—my first family vacation since before the pandemic—with a modest *three-day* adjustment (after I already have agreed to give you four days of the seven-day difference) is genuinely surprising and disappointing. You still haven't identified any concrete conflict to explain your position, other than generally being busy—which is no explanation at all, given that we are all always busy. Am I really to believe that you are wholly unable to get the brief done by August 9, but August 12 is perfectly doable?

If you're comfortable defending such an unkind position to Judge Griggsby, so be it. We'll lay out our irreconcilable positions in the joint status report and let her decide.

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 1:32 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>; Kimberly, Michael <Mkimberly@mwe.com>
**Subject:** Re: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

The time we asked is a mere month from the date of the July 12 hearing when the Court first expressed a desire for more briefing.  We think this is a reasonable time, given the challenge of determining what exactly the brief needs to say, since the Judge indicated that merely repeating what has been covered in previous briefing will not be satisfactory.  Once we determine what the new brief needs to cover, there will undoubtedly be a need for research and review of case materials, before drafting.  All of this will need to be done during a period when counsel already had other work to do for other cases.

I appreciate that you have travel plans, which I trust will be for pleasure.  Those plans should not prevent the parties from having the time needed to produce a brief that will be sufficiently helpful to the Court.

Steve

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 12:49:46 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** Re: Chamber of Commerce v. Franchot

Thanks for the prompt reply, but it isn't reasonable to tell us just to file early, giving you three days to review and respond to our brief. I've offered what is a compromise between our respective positions, furnishing an entirely reasonable and understandable explanation for our need (long-standing international travel plans). You have refused to adjust just three days, giving no explanation.

If we need to submit a joint status report that takes different positions and put this before the judge, so be it, but I hope you can see your way to August 9th as a reasonable compromise rather than troubling the judge with this sort of thing.

---
Michael B. Kimberly
McDermott will & Emery LLP
mobile 267-269-0381

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 12:17:28 PM
**To:** Kimberly, Michael <Mkimberly@mwe.com>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

We would still like it to be August 12. If you prefer to file plaintiffs' brief before you leave the country, you will of course be free to do so.

Steve

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 12:05 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

Thanks, Steve. I'll be traveling abroad on August 12. That said, we could push from August 5 to August 9. Is that a workable compromise?

---
**Michael B. Kimberly**
Partner

**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 11:06 AM
**To:** Kimberly, Michael <Mkimberly@mwe.com>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

**[ External Email ]**

Michael,

A single round of supplemental briefing is fine with us, but we would like the due date to be August 12.

I agree that "meeting and conferring" via email should suffice.

Steve

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Thursday, July 14, 2022 3:44 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Sullivan, Steven <ssullivan@oag.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** Chamber of Commerce v. Franchot

All – We owe the court a status report by 7/22/22. I suspect we can sort out details over email, although I'm happy to talk by phone if easier.

We suggest a single round of supplemental briefing due August 5. Let us know if that works for you, and thanks.

---
Michael B. Kimberly
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

*****************************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*****************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

**Attachment 2**

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Thursday, July 21, 2022 11:05 AM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

Steve – A draft report is attached. I look forward to any suggestions concerning the frontmatter, and also to the addition of your position on the first-step brief. It's possible we may tinker with the statement of our position, but I do not anticipate any substantial changes. Thanks.

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Wednesday, July 20, 2022 12:59 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>; Kimberly, Michael <Mkimberly@mwe.com>
**Subject:** Re: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

We can explain to the Court in the status report and let her decide, as you suggest.

I agree it is a different situation, but it is undeniable that (a) you seem to intend to finish your initial brief by August 9, and (b) your co-counsel and the rest of the firm are more than capable of filing the brief on the 12th, to address your previously expressed concern that we might benefit from seeing your brief before filing ours. I must say this is the first time in my 25+ years experience at OAG that any counsel has insisted on shorting an opposing party's briefing time solely because that individual attorney was going to be on vacation on the filing date.

Steve

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Wednesday, July 20, 2022 12:21:33 PM

**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

Steve,

Thanks. It sounds like we're in agreement on the framework, which I expect will be helpful to the judge and make for more productive briefing overall while also spreading out the work for us over the course of August. It appears also that we are agreed on August 30 for the simultaneous supplemental replies. Thank you.

As for the timing of the first brief, my position is unchanged. To justify your refusal to accommodate my conflict with August 12, you reference plaintiffs' opposition to your motion to postpone a previously-agreed, court-ordered hearing date by a month or more, which if granted would have introduced significant delay and disrupted my and the court's settled expectations. Respectfully, that is not equivalent to the present situation. We are preliminarily negotiating due dates, and we are a mere 72 hours apart. At the same time that I've cited a discrete and concrete conflict with August 12, you have furnished none to explain your position concerning August 9, other than that you would prefer an additional three days because you're generally busy.

It does not sound like we're going to come to agreement on this point, and there's no need to belabor it further. I suggest instead that we file a status report in which we lay out the agreed framework, respectively propose August 9 and August 12 for the first briefs, specify August 30 for the replies, and leave it to the Judge to sort out the first date.

I'm happy to prepare a first draft, if you agree.

Thanks,
Michael

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901  **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Wednesday, July 20, 2022 11:19 AM
**To:** Kimberly, Michael <Mkimberly@mwe.com>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

Defendant can agree to the framework you propose, except the filing date for the first brief needs to be no earlier than August 12, which gives us the time we will need to prepare and write a brief that will be sufficiently helpful to the Court.

As you stated in a previous email: "August 12 is a reasonable due date generally speaking; it certainly is." I agree that it certainly is. You have stated your preference for the earlier date because you will be on vacation August 12, but as you

recall, when you opposed our request to postpone the February 17, 2022 hearing to accommodate my involvement in Congressional and state legislative redistricting cases, you insisted that it was reasonable to expect my co-counsel to fill in for me in my absence.  You, too, have co-counsel and a large firm of lawyers who are fully capable of filing plaintiffs' supplemental brief on August 12.  If calling on co-counsel to act on my behalf was reasonable, in your view, when I was immersed in expedited briefing and hearings in multiple simultaneous redistricting cases, then allowing time for you to work on the initial supplemental brief prior to your vacation departure date and then having co-counsel arrange for filing of the brief on August 12 will be no less reasonable, while you are taking some no doubt well-deserved R & R on vacation.

Setting the initial filing date as August 12 will not cause any delay in the resolution of the case, since, as you have proposed, the parties will be filing additional briefs for the Court's consideration on August 30.

Please let me know if plaintiffs will agree to filing dates of August 12 for the initial supplemental brief and August 30 for the responsive supplemental briefs.

Steve

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Tuesday, July 19, 2022 12:56 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

Steve, and all:

As anticipated, my clients are concerned about pushing out the briefing too far. At the same time, we have also reconsidered the question whether there should be one brief or two, to ensure that we have an opportunity to reply to each other's briefs. Because the court, at the hearing, appeared to direct the first question to plaintiffs and the second question to the state, I wanted to propose the following further compromise, which I hope will work for everyone:

(1) On August 9, plaintiffs file a supplemental brief addressed strictly to Question 1 in the court's July 13 order, and the state files a supplemental brief addressed strictly to Question 2.

(2) On August 30, plaintiffs file a supplemental reply that responds exclusively to the state's August 9 brief, and the state files a supplemental reply that responds exclusively to the plaintiffs' August 9 brief.

Under this approach, we would each file a shorter and more limited brief on August 9. And we'd each have an opportunity to respond to the other's position on the questions directed to each of us. By breaking up to the topics this way, I think the issues can be aired more effectively, while also easing the workload in the near term.

Let me know what you think and if it would be helpful to get on the phone to discuss this. Thanks.

Michael

---
**Michael B. Kimberly**
**McDermott Will & Emery LLP**
**Office** (202) 756 8901
**Mobile** (267) 269-0381

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 2:29 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>; Kimberly, Michael <Mkimberly@mwe.com>
**Subject:** Re: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

If your concern is that we will derive some advantage from seeing your brief before we file (as you expressed in a previous email), then we can solve that problem by having both parties' briefs due simultaneously after you return from your family vacation.

So the due date can be set on a day in the week after your return from abroad. Of course, you would still be free to complete drafting of the brief before you depart, if that is your preference. This solution will be fair both to you and to us. I doubt the Court will mind the extra time for filing.

Steve

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 2:11:27 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

The question isn't whether August 12 is a reasonable due date generally speaking; it certainly is. The question is whether you have a good reason to demand August 12 rather than August 9 in light of my real and substantial conflict with August 12.

As to that issue, I'm genuinely perplexed by your response. You, your office, and I have a long history over many cases of working together with mutual concern and respect to reach reasonable compromises on scheduling issues like this. Your refusal in this particular instance to take into consideration my longstanding travel plans—my first family vacation since before the pandemic—with a modest *three-day* adjustment (after I already have agreed to give you four days of the seven-day difference) is genuinely surprising and disappointing. You still haven't identified any concrete conflict to explain your position, other than generally being busy—which is no explanation at all, given that we are all always busy. Am I really to believe that you are wholly unable to get the brief done by August 9, but August 12 is perfectly doable?

If you're comfortable defending such an unkind position to Judge Griggsby, so be it. We'll lay out our irreconcilable positions in the joint status report and let her decide.

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001

**Office** (202) 756 8901    **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 1:32 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>; Kimberly, Michael <Mkimberly@mwe.com>
**Subject:** Re: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

The time we asked is a mere month from the date of the July 12 hearing when the Court first expressed a desire for more briefing.  We think this is a reasonable time, given the challenge of determining what exactly the brief needs to say, since the Judge indicated that merely repeating what has been covered in previous briefing will not be satisfactory.  Once we determine what the new brief needs to cover, there will undoubtedly be a need for research and review of case materials, before drafting.  All of this will need to be done during a period when counsel already had other work to do for other cases.

I appreciate that you have travel plans, which I trust will be for pleasure.  Those plans should not prevent the parties from having the time needed to produce a brief that will be sufficiently helpful to the Court.

Steve

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 12:49:46 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** Re: Chamber of Commerce v. Franchot

Thanks for the prompt reply, but it isn't reasonable to tell us just to file early, giving you three days to review and respond to our brief. I've offered what is a compromise between our respective positions, furnishing an entirely reasonable and understandable explanation for our need (long-standing international travel plans). You have refused to adjust just three days, giving no explanation.

If we need to submit a joint status report that takes different positions and put this before the judge, so be it, but I hope you can see your way to August 9th as a reasonable compromise rather than troubling the judge with this sort of thing.

---
Michael B. Kimberly
McDermott will & Emery LLP
mobile 267-269-0381

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 12:17:28 PM
**To:** Kimberly, Michael <Mkimberly@mwe.com>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia

<jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

We would still like it to be August 12. If you prefer to file plaintiffs' brief before you leave the country, you will of course be free to do so.

Steve

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Friday, July 15, 2022 12:05 PM
**To:** Sullivan, Steven <ssullivan@oag.state.md.us>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

Thanks, Steve. I'll be traveling abroad on August 12. That said, we could push from August 5 to August 9. Is that a workable compromise?

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

---

**From:** Sullivan, Steven <ssullivan@oag.state.md.us>
**Sent:** Friday, July 15, 2022 11:06 AM
**To:** Kimberly, Michael <Mkimberly@mwe.com>; Oliner, Brian <boliner@comp.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** RE: Chamber of Commerce v. Franchot

**[ External Email ]**
Michael,

A single round of supplemental briefing is fine with us, but we would like the due date to be August 12.

I agree that "meeting and conferring" via email should suffice.

Steve

---

**From:** Kimberly, Michael <Mkimberly@mwe.com>
**Sent:** Thursday, July 14, 2022 3:44 PM
**To:** Oliner, Brian <boliner@comp.state.md.us>; Sullivan, Steven <ssullivan@oag.state.md.us>; Bernhardt, Julia <jbernhardt@oag.state.md.us>
**Subject:** Chamber of Commerce v. Franchot

All – We owe the court a status report by 7/22/22. I suspect we can sort out details over email, although I'm happy to talk by phone if easier.

We suggest a single round of supplemental briefing due August 5. Let us know if that works for you, and thanks.

---
**Michael B. Kimberly**
Partner
**McDermott Will & Emery LLP**
500 North Capitol Street, NW, Washington, DC 20001
**Office** (202) 756 8901   **Mobile** (267) 269-0381
Bio | Website | vCard | Twitter | LinkedIn

*********************************************************************************************
This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Our Privacy Policy explains how we may use your personal information or data and any personal information or data provided or made available to us. Thank you.
*********************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.