IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, *et al.*,

        *Plaintiffs*,

v.

PETER FRANCHOT,

        *Defendant*.

No. 1:21-cv-410-DKC>

**PLAINTIFFS' SUPPLEMENTAL BRIEF
ADDRESSING PLAINTIFFS' FACIAL CHALLENGE TO THE PASS-THROUGH
PROHIBITION**

Michael B. Kimberly (No. 19086)
Paul W. Hughes (No. 28967)
Stephen P. Kranz\*
Sarah P. Hogarth\*
   *McDermott Will & Emery LLP*
   *500 North Capitol Street NW*
   *Washington, DC 20001*
   mkimberly@mwe.com
   (202) 756-8000

*Attorneys for All Plaintiffs*

Tara S. Morrissey\*
Jennifer B. Dickey\*
   *U.S. Chamber Litigation Center*
   *1615 H Street NW*
   *Washington, DC 20062*
   tmorrissey@uschamber.com
   (202) 463-5337

*Attorneys for the Chamber of Commerce
of the United States of America*

August 12, 2022        \* admitted pro hac vice

# SUPPLEMENTAL BRIEF

Facial invalidation is the appropriate remedy for a content-based ban on speech. As this Court recognized at its most recent hearing in this matter, the pass-through prohibition restricts speech. As this Court also recognized, facial invalidation of speech restrictions under the First Amendment is appropriate: (1) where "no set of circumstances exists under which [the law] would be valid, or [where] the [law] lacks any plainly legitimate sweep" and (2) where "the law is overbroad [because] a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Greater Balt. Ctr. For Pregnancy Concerns, Inc. v. Mayor & City Council Balt.*, 721 F.3d 264, 282 (4th Cir. 2013) (quotation marks omitted). Plaintiffs believe that the pass-through prohibition is most appropriately invalidated under the first category, but, at a minimum, falls within the second.

The pass-through prohibition lacks any plainly legitimate sweep for a simple reason: It is a content-based restriction on speech that the State has not justified under the appropriate level of scrutiny. It is a content-based restriction on speech because it prohibits businesses from communicating particular content—the amount of the Maryland Digital Advertising Tax that the business is passing on to the consumer, expressed as a fee, surcharge or line item. As such, the pass-through prohibition is "presumptively unconstitutional" in all its applications. *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015).

The State would overcome this presumption *if* it could show that the prohibition satisfies the applicable level of scrutiny—but as we have explained in earlier briefs and will explain more fully in our next supplemental brief, the State has not done so. There is simply no evidence of *any* substantial interest served by the pass-through prohibition, nor is there

1

evidence that the pass-through prohibition is appropriately tailored to any such interest. If this Court agrees, then facial invalidation is the proper remedy. This Court's question about the standard for facial invalidation is thus intertwined with its question about *Central Hudson*: Facial invalidation is the proper remedy for a content-based law that flunks *Central Hudson*.

At a minimum, the pass-through prohibition is unconstitutionally overbroad. Even if there were some conceivable applications of the prohibition that would not violate the Constitution, it prohibits far more speech than is necessary to accomplish any legitimate ends. As discussed at the last hearing, the bulk of what the prohibition bars is protected speech: the statement of a "separate fee, surcharge, or line-item" identifying the amount of the purchase price attributable to the Maryland Digital Advertising Tax. The Constitution does not countenance the muting of such a broad swath of protected expression.

**ARGUMENT**

A plaintiff bringing a First Amendment free speech challenge can establish a law's facial invalidity two ways: (1) he or she "may demonstrate that no set of circumstances exists under which the law would be valid, or that the law lacks any plainly legitimate sweep"; or (2) he or she may "show that the law is overbroad because a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Educ. Media Co. at Virginia Tech v. Insley*, 731 F.3d 291, 298 (4th Cir. 2013) (internal quotation marks and citations omitted). The pass-through prohibition fails under both standards.

### A. The pass-through prohibition lacks any plainly legitimate sweep and is not valid in any set of circumstances

1. When pursuing a facial challenge under the First Amendment, one way that a

plaintiff can establish the absence of any legitimate sweep for a law is by showing that a law is content based. Content-based speech restrictions are "*presumptively* unconstitutional" in all applications. *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015); *accord United States v. Alvarez*, 567 U.S. 709, 716-17 (2012); *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992). That is because the "government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Ashcroft v. American Civil Liberties Union*, 535 U.S. 564, 573 (2002).

Accordingly, a plaintiff makes a prima facie showing that a law is facially invalid (that is, that there is no set of circumstances in which it may validly be applied) by simply showing that the law is a content-based regulation of speech. That inquiry turns exclusively on "the plain terms of the regulation" and "whether, on its face, the regulation confers benefits or imposes burdens based upon the content of the speech it regulates." *Satellite Broad. And Commc'ns Ass'n v. FCC*, 275 F.3d 337, 353–54 (4th Cir. 2001). That is to say, "[i]n a facial challenge like this one, the claimed constitutional violation inheres in the terms of the statute, not its application." *Ezell v. City of Chicago*, 651 F.3d 684, 698-99 (7th Cir. 2011). In such circumstances, moreover, because "the Constitution demands that content-based restrictions on speech be presumed invalid," the State, not plaintiffs, "bear the burden of showing their constitutionality." *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 660 (2004).

A finding of "impermissible content based restriction" in a statute's plain text will almost always "lead[] to facial invalidity." *Northeastern Pennsylvania Freethought Society v. County of Lackawanna Transit System*, 938 F.3d 424, 431 (3d Cir. 2019) (citing *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876, 1885 (2018); *Simon & Schuster, Inc. v.*

*Members of New York State Crime Victims Board*, 502 U.S. 105, 123 (1991)). That is true regardless of whether the speech is analyzed under strict scrutiny or *Central Hudson*. *See, e.g.*, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 571 (2011) (recognizing that "content-based regulations are presumptively invalid" and that "the outcome is the same whether a special commercial speech inquiry or a stricter form of judicial scrutiny is applied"). The only way for the government to avoid the facial invalidation of such a statute is by showing—under the applicable level of scrutiny—that there are situations, hypothetical or real, in which the ban might lawfully be enforced. For example, a commercial speech ban might be valid as applied to misleading speech, but not truthful speech. This is not an invitation for case-by-case adjudication, however; the analysis still must take place at the categorical level, concerning the broadly-defined categories of speech to which it might apply. *See Ward v. Rock Against Racism*, 491 U.S. 781, 801 (1989) ("[T]he validity of the regulation depends on the relation it bears to the overall problem the government seeks to correct, not on the extent to which it furthers the government's interests in an individual case.").

Said another way, the Court's resolution of its question about the application of *Central Hudson* here should also resolve its question about facial invalidation. If the Court agrees that the State has not justified the pass-through prohibition under *Central Hudson*, it follows that the prohibition must be invalidated on its face. After all, "where a statute fails the relevant constitutional test," the law "can[not] . . . be constitutionally applied to anyone—and thus there is 'no set of circumstances' in which the statute would be valid." *Doe v. City of Albuquerque*, 667 F.3d 1111, 1127 (10th Cir. 2012); *accord Bruni v. City of Pittsburgh*, 824 F.3d 353, 363 (3d Cir. 2016). Applying this analysis, the Supreme Court

4

has repeatedly struck down laws as facially invalid under the First Amendment.[1]

    **2.** Plaintiffs have easily met their burden of showing that the pass-through prohibition is presumptively unconstitutional *on its face* because it is a content-based ban on private speech. "A regulation of speech is facially content based under the First Amendment if it targets speech based on its communicative content—that is, if it applies to particular speech because of the topic discussed or the idea or message expressed." *City of Austin v. Reagan National Advertising*, 142 S. Ct. 1464, 1471 (2022) (cleaned up) (quoting *Reed*, 576 U.S. at 163). That describes the pass-through prohibition exactly. It forbids the express statement of the fact and magnitude of price increases attributable to the Maryland Digital Advertising Tax as a separate "fee, surcharge, or line-item." *See* Dkt. 70 at 2-5; Dkt. 73 at 2-3. Notably, it does not prohibit the express statement of any other fee, surcharge, or line item; it prohibits only the express statement of the *Maryland Digital Advertising Tax*. It thus applies to customer communications based upon the "content" of the communication. *City of Austin*, 142 S. Ct. at 1471. And we have explained why we do not believe that the State can satisfy its burden of justifying the pass-through prohibition, no matter the degree

---

[1] *See, e.g., United States v. Alvarez*, 567 U.S. 709 (2012) (facial invalidation of the Stolen Valor Act); *Brown v. Entm't Merchs. Ass'n,* 564 U.S. 786 (2011) (facial invalidation of statute prohibiting the sale or rental of "violent video games" to minors); *Citizens United v. FEC,* 448 U.S. 310, 365-66 (2010) (facial invalidation of a statute barring certain electioneering communications); *United States v. Playboy Entm't Grp., Inc.,* 529 U.S. 803, 811-827 (2000) (striking down a statute requiring cable television operators who provided adult-oriented programming to fully scramble or block those channels during certain hours); *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 508, 516 (1996) (facial invalidation of law prohibiting advertisement of liquor prices); *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 572 (1980) (facial invalidation of regulation banning promotional advertising by electrical utilities); *R.A.V.*, 505 U.S. at 391 (holding facially unconstitutional a regulation prohibiting bias-motivated disorderly conduct).

of scrutiny applied. *See* Dkt. 70 at 7-13; Dkt. 73 at 5. That is all that is needed to sustain a facial challenge under the First Amendment.[2]

The State's contrary position reflects a fundamental misunderstanding of the standard for assessing facial challenges to statutes under the First Amendment.

First, the State argues that the pass-through prohibition is not "unconstitutional in all of its applications" because it does not burden the speech of companies who do not wish to state a separate fee, surcharge, or line item. Dkt. 72 at 2. But that is just to say that some companies might choose not to engage in the forbidden speech even if permitted to do so. That makes no difference; a law prohibiting speakers from speaking on a certain topic, for example, does not survive a facial First Amendment challenge simply because it does not burden speakers who would not discuss that topic either way. *Cf. Rosenberger v. Rector & Visitors of UVA*, 515 U.S. 819 (1995). The relevant question is whether the pass-through prohibition is unconstitutional in all of its "*applications*" (or at least "a substantial number of its applications"), meaning circumstances in which the law *does* apply and therefore restricts speech. *United States v. Stevens*, 559 U.S. 460, 472 (2010). Here, as we have shown, where the pass-through prohibition applies, it *always* restricts speech based on its content—and it does so without being appropriately tailored to any sufficiently weighty state interest (regardless the level of scrutiny applied).

Second, the State claims that plaintiffs cannot succeed in a facial challenge because we have not identified specific facts about the taxpayers who are affected by the pass-

---

[2] The parties have stipulated that the State's opening supplemental brief shall address the question whether the pass-through prohibition satisfies the applicable level of scrutiny. Plaintiffs will respond to the government's argument in their supplemental reply.

through prohibition. Dkt. 72 at 3-4. But because it turns on the plain text of the statute, a facial First Amendment challenge "can be decided 'without regard to its impact on the plaintiff asserting the facial challenge.'" *White Coat Waste Project v. Greater Richmond Transit Co.*, 35 F.4th 179, 204 (4th Cir. 2022); *see also Educ. Media Co. at Virginia Tech, Inc. v. Swecker*, 602 F.3d 583, 588 (4th Cir. 2010) ("[A] court considers the facial constitutionality of a regulation without regard to its impact on the plaintiff asserting the facial challenge."). And as the Fourth Circuit has explained, whether a regulation is content based "on its face" must be judged by "the plain terms of the regulation." *Satellite Broad.*, 275 F.3d at 353-54. Thus, a conclusion that the pass-through prohibition is unconstitutional under the First Amendment does not "depend[] on the identity or circumstances of . . . plaintiff[s]." *White Coat Waste Project*, 35 F.4th at 204-05. It instead rests solely on the fact that the prohibition plainly and expressly bans speech based on its content—a fact that, again, does not vary based on any particular set of circumstances in which it might apply.

### B. The pass-through prohibition is overbroad.

Even if this Court were not prepared to hold that the pass-through prohibition lacks any "legitimate sweep," it should still invalidate the prohibition "as overbroad" because "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Stevens*, 559 U.S. at 473 (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)). We have demonstrated, including on page 2 of our last reply brief (Dkt. 73), the myriad statements forbidden by the pass-through prohibition. The State has not denied that these examples are covered by the prohibition. Nor has the State persuasively identified, by hypothetical or otherwise, any circumstance in which barring a truthful "fee, surcharge, or line item"

7

would be permissible under *Central Hudson* scrutiny. But even assuming that there *were* examples where barring the speech at issue would really be permissible, such examples surely would be few and far between as compared to the unconstitutional applications—so much so that the prohibition must be invalidated as overbroad. *See United States v. Stevens*, 559 U.S. 460, 473 (2010); *Legend Night Club v. Miller*, 637 F.3d 291 (4th Cir. 2011).

## CONCLUSION

The Court should deny the State's motion to dismiss and grant plaintiffs' cross-motion for summary judgment with respect to Count IV of the amended complaint.

Dated: August 12, 2022　　　　　　　　　　　Respectfully submitted,

/s/ *Michael B. Kimberly*

Michael B. Kimberly (No. 19086)
Paul W. Hughes (No. 28967)
Stephen P. Kranz*
Sarah P. Hogarth*
　*McDermott Will & Emery LLP*
　*500 North Capitol Street NW*
　*Washington, DC 20001*
　mkimberly@mwe.com
　(202) 756-8000

*Attorneys for All Plaintiffs*

Tara S. Morrissey*
Jennifer B. Dickey*
　*U.S. Chamber Litigation Center*
　*1615 H Street NW*
　*Washington, DC 20062*
　tmorrissey@uschamber.com
　(202) 463-5337

*Attorneys for the Chamber of Commerce of the United States of America*

*\* admitted pro hac vice*