

**mwe.com**

Michael B. Kimberly
Attorney at Law
mkimberly@mwe.com
+1 202 756 8901

October 21, 2022

VIA ELECTRONIC FILING

Hon. Lydia Kay Griggsby
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:    *Chamber of Commerce v. Franchot*, No. 1:21-cv-410-LKG

Dear Judge Griggsby,

      I write to bring the Court's attention to recent developments in the state-court challenge to Maryland's Digital Advertising Tax Act, which has been litigated in parallel with these proceedings. *See Comcast v. Comptroller*, No. C-02-cv-02-10509 (Md. Cir. Ct.).

      The Circuit Court for Anne Arundel County heard oral argument on the parties' cross motions for summary judgment on October 17, 2022. Earlier today, the court docketed an order granting the plaintiffs' motion and denying the Comptroller's motion. A copy of the order is attached. Most notably, the circuit court declared that the Maryland Digital Advertising Tax Act violates (1) the Internet Tax Freedom Act "because the Tax constitutes a discriminatory tax"; (2) the dormant Commerce Clause "because the Tax discriminates against interstate commerce"; and (3) the First Amendment "because it singles out the Plaintiffs for selective taxation and is not content-neutral." The circuit court did not, however, rule on the constitutionality of the pass-through prohibition.

      Following the circuit court's indication at the October 17, 2022 hearing that it would rule for the plaintiffs, Maryland officials reportedly indicated that the State will appeal. *See* Maria Koklanaris, *Md. Will Appeal Adverse Digital Ad Tax Ruling, Senate Prez Says*, Law360 (Oct. 18, 2022).

      Plaintiffs submit that the circuit court's judgment does not render this case moot given the State's intent to appeal. *See* 13B Fed. Prac. & Proc. Juris. § 3533.2.1 (3d ed., 2022 update) ("Action by another tribunal in related proceedings does not always moot a pending action," such as when "the decision is subject to reopening or appeal."). Moreover, plaintiffs' members have paid estimated taxes under the Act, and the question whether they may identify increased customer pricing with express fees or surcharges related to those estimated payments remains a live issue, regardless of any appeal. *See id.* ("Partial relief in another tribunal . . . does not moot an action seeking additional relief.").

      Plaintiffs now respectfully urge the Court to rule expeditiously on their claim challenging the pass-through prohibition. The original complaint in this case was filed more than 20 months ago, and parties' cross dispositive motions have been fully briefed and pending for longer than 10 months.



**500 North Capitol Street, NW Washington DC 20001-1531 Tel +1 202 756 8000 Fax +1 202 756 8087**

US practice conducted through McDermott Will & Emery LLP.

October 21, 2022
Page 2

Although the circuit court's decision this week was a step in the right direction, its lack of reasoning and the State's intent to appeal have introduced problematic uncertainty for the regulated public. Companies engaged in digital advertising in this State need firm and final guidance on whether they will have to pay the tax and whether they may say anything about it on their invoices and other customer statements.

      We look forward to discussing these issues at the forthcoming hearing on November 29.

Respectfully submitted,

*[signature]*



| COMCAST OF CALIFORNIA/MARYLAND/ PENNSYLVANIA/VIRGINIA/WEST VIRGINIA, LLC, et al. | ) ) ) ) ) | IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY |
|---|---|---|
| Plaintiffs, | ) ) | Case No. C-02-cv-21-000509 |
| v. | ) ) | |
| COMPTROLLER OF THE TREASURY OF MARYLAND, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING DEFENDANT'S MOTION TO STRIKE

Upon the consideration of Plaintiffs' Motion for Summary Judgment, Defendant's Motion for Summary Judgment, Defendant's Motion to Strike Plaintiffs' Supplemental Memorandum in Support of Their Motion for Summary Judgment and Attached Declaration and Exhibits, and oral argument from the parties on October 17, 2022 on such motions, it is this 20th day of October, 2022, by the Circuit Court for Anne Arundel County,

**ORDERED** that Plaintiffs' Motion for Summary Judgment is hereby **GRANTED,** for the reasons stated by Plaintiff at oral argument and in the Plaintiff's Motion for Summary Judgment, as to the following Counts of the Plaintiffs' First Amended Complaint for Declaratory Judgment:

> **COUNT ONE:** The Maryland Digital Advertising Gross Receipts Tax violates the Supremacy Clause of the United States Constitution and the Internet Tax Freedom Act because the Tax constitutes a discriminatory tax;

1

48090484.5

**COUNT SIX:** The Tax violates the Commerce Clause of the United States Constitution because the Tax discriminates against interstate commerce; and

**COUNT EIGHT:** The Tax violates the First and Fourteenth Amendments to the United States Constitution because it singles out the Plaintiffs for selective taxation and is not content-neutral;

**ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED**;

**ORDERED** that Defendant's Motion to Strike Plaintiffs' Supplemental Memorandum in Support of Their Motion for Summary Judgment and Attached Declaration and Exhibits is hereby **DENIED**; and

**ORDERED** that there is no just reason for delay and this court shall issue an entry of a final judgment as to Counts One, Six, and Eight of the Plaintiffs' First Amended Complaint for Declaratory Judgment.

_____
Judge Alison L. Asti
Circuit Court for Anne Arundel County

48090484.5