IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> PETER FRANCHOT, <br> *Defendant*. | * <br> * <br> * <br> *    No. 1:21-cv-00410-LKG <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S STATUS REPORT**

As directed by the Court's order of October 24, 2022, ECF No. 90, the defendant submits this status report on whether the Court should proceed with the oral arguments scheduled for November 29, 2022, in light of the October 20, 2022 order of the Circuit Court for Anne Arundel County granting plaintiffs' motion for summary judgment in *Comcast of California/Maryland/Pennsylvania/Virginia/West Virginia LLC, et al. v. Comptroller of the Treasury of Maryland*, No. C-02-CV-21-000509.

In the defendant's view, this Court is free to proceed with the hearing scheduled for November 29, 2022. For reasons explained in prior briefing, the defendant believes this case should be dismissed in its entirety. The ruling issued by the Circuit Court for Anne Arundel County in *Comcast v. Comptroller* does not affect the ability of this Court to adjudicate this case, because the circuit court's ruling is subject to appeal, and the outcome of that case will not be known at least until the conclusion of the appeal. Moreover, because the plaintiffs in *Comcast* did not exhaust administrative remedies before filing suit, Maryland statutes and precedent pose a considerable obstacle to affirmance of the circuit court's ruling. Maryland's appellate courts have

consistently held that the statutory provisions for administrative appeals to the Maryland Tax Court (an administrative agency) constitute the exclusive remedies for tax challenges, and they prevent the bringing of a suit in court unless and until administrative remedies are exhausted. *Furnitureland S., Inc. v. Comptroller*, 364 Md. 126 (2001); *Holzheid v. Comptroller*, 240 Md. App. 371 (2019); *Comptroller v. Zorzit*, 221 Md. App. 274 (2015); *see id.* at 296-97 ("The General Assembly has unambiguously expressed its intent to preclude judicial intervention in tax cases."); *Kuypers v. Comptroller*, 173 F. Supp. 2d 393, 396 (D. Md. 2001)**,** *aff'd*, 21 F. App'x 161 (4th Cir. 2001); *cert. denied*, 537 U.S. 828 (2002) ("[T]he Maryland Legislature has by statute expressed its intention that no suit may be brought to interfere with the statutory process for the assessment or collection of a state tax."); Md. Code Ann., Tax-Gen. § 13-505 ("A court may not issue an injunction, writ of mandamus, or other process against the State or any officer or employee of the State to enjoin or prevent the assessment or collection of a tax under this article.").

        Respectfully submitted,

        BRIAN E. FROSH
        Attorney General of Maryland

        /s/ Julia Doyle Bernhardt
        _____
        JULIA DOYLE BERNHARDT
        Federal Bar No. 25300
        bernhardt@oag.state.md.us

        /s/ Steven M. Sullivan
        _____
        STEVEN M. SULLIVAN
        Federal Bar No. 24930
        ssullivan@oag.state.md.us
        Assistant Attorneys General
        200 Saint Paul Place, 20th Floor
        Baltimore, Maryland 21202
        (410) 576-7291
        (410) 576-6955 (facsimile)
October 31, 2022        Attorneys for Defendant