IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 21-cv-00410-LKG |
| v. | ) Dated:  December 2, 2022 |
| PETER FRANCHOT, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

This case involves statutory and constitutional law challenges to the State of Maryland's Digital Advertising Gross Revenue Tax Act, 2021 Md. Laws ch. 37, codified at Title 7.5 of the Tax-General Article (the "Act"), brought by certain trade associations who have members who will be liable for the tax imposed by the Act. *See* Am. Compl., ECF No. 25.  The remaining claim in this case is Count IV of the amended complaint, which asserts a facial First Amendment challenge to the "Pass-Through Prohibition" contained in the Act.  *Id.*

Defendants have moved to dismiss this count, pursuant to Federal Rule of Civil Procedure 12(b)(6), upon the ground that Plaintiffs cannot prevail on their facial First Amendment challenge to the Pass-Through Prohibition.  *See* Def. Mot., ECF No. 29; Def. Mem., ECF No. 29-1; Def. Brs., ECF Nos. 71, 72, 81, 86.  In addition, Plaintiffs have moved for summary judgment in their favor on their First Amendment claim challenging the Pass-Through Prohibition, pursuant to Federal Rule of Civil Procedure 56.  *See* Pl. Mot., ECF No. 31; Pl. Mem., ECF No. 31-1; Pl. Brs., ECF Nos. 70, 73, 82, 85.

The Court held hearings on these motions on July 12, 2022, and November 29, 2022. ECF Nos. 77, 96.  For the reasons set forth below, the Court: (1) **DENIES as MOOT** Defendants' motion to dismiss (ECF No. 29); (2) **DENIES as MOOT** Plaintiffs' motion for

summary judgment (ECF No. 31); and (3) **DISMISSES** Count IV of the amended complaint (ECF No. 25) **WITHOUT PREJUDICE**.

II.     FACTUAL AND PROCEDURAL BACKGROUND

   A.  FACTUAL BACKGROUND

A detailed factual background for this case is set forth in the Court's Memorandum Opinion and Order dated March 31, 2022.  Mem. Op., ECF No. 67.  Relevant to the pending cross-motions, Plaintiffs, the Chamber of Commerce of the United States of America, NetChoice, and the Computer & Communications Industry Association,[1] brought statutory and constitutional law challenges to the Act.  *See generally* Am. Compl.  Plaintiffs' remaining claim in this case involves a facial First Amendment challenge to the Act's Pass-Through Prohibition, which is the subject of the parties' cross-motions.

The Act imposes a tax on a business's annual gross revenues derived from digital advertising services provided in the State of Maryland, if the business has at least $100 million in global annual gross revenues.  *See* Md. Code Ann., Tax-Gen. §§ 7.5-102–03.  The Act's Pass-Through Prohibition provides that "[a] person who derives gross revenues from digital advertising services in the State may not directly pass on the cost of the tax imposed under this section to a customer who purchases the digital advertising services by means of a separate fee, surcharge, or line-item."  Md. Code Ann., Tax-Gen. § 7.5-102(c).  Plaintiffs allege that the Pass-Through Prohibition violates the First Amendment, because it is a content-based restriction on speech.  *See, e.g.*, Pl. Mot.

In addition to the statutory and constitutional law challenges brought in this action, the tax has also been challenged in the Circuit Court for Anne Arundel County in *Comcast of California/Maryland/Pennsylvania/Virginia/West Virginia LLC, et al. v. Comptroller of the Treasury of Maryland*, No. C-02-CV-21-000509.  On October 20, 2022, the circuit court granted a motion for summary judgment filed by the plaintiffs in that case upon the grounds that: (1) "[t]he Maryland Digital Advertising Gross Receipts Tax violates the Supremacy Clause of the United States Constitution and the Internet Tax Freedom Act because the Tax constitutes a discriminatory tax"; (2) "[t]he Tax violates the Commerce Clause of the United States Constitution because the Tax discriminates against interstate commerce"; and (3) "[t]he Tax

---

[1] The Internet Association, a former Plaintiff, has dissolved.  ECF No. 84.

violates the First and Fourteenth Amendments to the United States Constitution because it singles out the Plaintiffs for selective taxation and is not content-neutral." *See* ECF No. 88 at 3–4.

On November 17, 2022, the circuit court dismissed as moot the plaintiffs' challenges to the Act's Pass-Through Prohibition.[2] *See* ECF No. 95-3 ("The Court . . . hereby grants the Plaintiffs' unopposed motion to dismiss Counts Ten and Eleven of the First Amended Complaint on grounds of mootness and hereby orders the claims dismissed on jurisdictional grounds.") The circuit court also entered its final declaratory judgment ordering that the "Maryland Digital Advertising Gross Revenues Tax violates the Supremacy Clause of the United States Constitution and the Internet Tax Freedom Act (Count One), the dormant Commerce Clause of the United States Constitution (Count Six), and the First Amendment to the United States Constitution (Count Eight)." ECF No. 95-2. Thereafter, on November 21, 2022, the Comptroller of Maryland filed a notice of appeal of the circuit court's decision, which is currently pending before the Court of Special Appeals of Maryland. *See* ECF No. 95-5.

The Plaintiffs maintain that the circuit court's judgment "does not render this case moot" given: (1) "the State's intent to appeal" and (2) that "[P]laintiffs' members have paid estimated taxes under the Act, and the question [of] whether they may identify increased customer pricing with express fees or surcharges related to those estimated payments remains a live issue, regardless of any appeal." Pl. Status R., ECF No. 88. Defendants also maintain that the circuit court's decision "does not affect the ability of this Court to adjudicate the case, because the circuit court's ruling is subject to appeal, and the outcome of that case will not be known at least until the conclusion of the appeal." Def. Status R., ECF No. 91.

### B.  PROCEDURAL BACKGROUND

Plaintiffs commenced this action on February 18, 2021. *See* Compl., ECF No. 1. On April 30, 2021, Plaintiffs filed an amended complaint. *See* Am. Compl. After Defendants moved to dismiss this matter and Plaintiffs moved for summary judgment on their claims, the Court issued a Memorandum Opinion and Order dismissing Counts I, II, and III of the amended complaint for lack of subject-matter jurisdiction on March 30, 2022. *See generally* Mem. Op. On April 4, 2022, the parties filed a joint status report, in which they stipulated that:

---

[2] The circuit court also dismissed all other remaining counts by stipulation of the parties. ECF No. 95-4.

> Tax-General § 7.5-102(c) does not prohibit a person who derives gross revenues from digital advertising services in the State from indirectly passing on the cost of the tax imposed under Tax-General § 7.5-102 by factoring such cost into its customer pricing. The cost of the tax is passed on directly only when it is imposed on the customer by means of a "separate fee, surcharge, or line-item."

Joint Status R., ECF No. 68.  Thus, Plaintiffs withdrew their claim that the Pass-Through Prohibition violates the Commerce Clause and dormant Commerce Clause.  *Id.*

Thereafter, the Court ordered the parties to file supplemental briefs on the remaining issue of whether the Pass-Through Prohibition violates the First Amendment.  *See* Scheduling Order, ECF No. 69.  On April 29, 2022, the parties filed their respective opening supplemental briefs.  ECF Nos. 70, 71.  On May 13, 2022, the parties filed their respective responsive supplemental briefs.  ECF Nos. 72, 73.

The Court held oral arguments on the parties' cross-motions on July 12, 2022.  ECF No. 77.  Thereafter, the parties filed supplemental briefs regarding Plaintiffs' First Amendment challenge to the Pass-Through Prohibition.  *See* ECF Nos. 81, 82, 85, 86.  The Court held oral arguments on the parties' supplemental briefs on November 29, 2022.  *See* ECF No. 96.  These matters having been fully briefed; the Court resolves the pending motions.

### III.   LEGAL STANDARDS

"Article III gives federal courts jurisdiction only over '[c]ases' and '[c]ontroversies.'" *Carter v. Fleming*, 879 F.3d 132, 136 (4th Cir. 2018) (citing U.S. Const. art. III, § 2, cl. 1). "Doctrines like standing, mootness, and ripeness are simply subsets of Article III's command that the courts resolve disputes, rather than emit random advice." *Podavin v. Collett*, Civ. No. DKC 2007-1898, 2008 WL 8116106, at *2 (D. Md. Aug. 12, 2008), *aff'd*, 333 F. App'x 763 (4th Cir. 2009).  "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).  Given this, "[m]ootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Id.* at 68 n.22 (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).  And so, "[w]hen a claim is moot, any judicial resolution would be effectively advisory, and therefore impermissible." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 389 (4th Cir. 2017).

In this regard, the Fourth Circuit has held that "for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability." *Townes v. Jarvis*, 577 F.3d 543, 546–47 (4th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[F]or an injury to meet the redressability standard, it must be *likely,* as opposed to *merely speculative,* that the injury will be redressed by a favorable decision." *In re Mut. Funds Inv. Litig.*, 529 F.3d 207, 216–17 (4th Cir. 2008) (emphasis in original) (quotations omitted). A case is moot where a ruling "could not have any practical effect on the outcome of [a] case." *Progressive N. Ins. Co. v. Y.E.*, No. 20-2191, 2022 WL 670871, at *3 (4th Cir. Mar. 7, 2022) (quoting *Norfolk S. Ry Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010)).

The Fourth Circuit has also recognized the Court's "discretionary power to withhold injunctive and declaratory relief for prudential reasons, even in a case not constitutionally moot." *S-1 v. Spangler*, 832 F.2d 294, 297 (4th Cir. 1987) (citing *United States v. W.T. Grant*, 345 U.S. 629 (1953); *A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324 (1961)); *see also United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) ("Passing the possibly difficult conceptual question of whether the appeal has been mooted in constitutional case or controversy terms, we conclude that, in any event, we should treat it as moot for prudential reasons."). "The doctrine of prudential mootness permits a court to, in its discretion, decline to enter injunctive and declaratory relief where the court can no longer provide an effective remedy and it would be imprudent to decide the case." *Red Wolf Coal. v. U.S. Fish & Wildlife Serv.*, 346 F. Supp. 3d 802, 810–11 (E.D.N.C. 2018).

**IV.   LEGAL ANALYSIS**

The remaining issue in this case is whether the Pass-Through Prohibition contained in the Act violates the First Amendment. For the reasons set forth below, Plaintiffs' First Amendment claim is mooted by the Circuit Court of Anne Arundel County's decision finding the tax imposed by the Maryland Digital Advertising Gross Revenues Tax to be unconstitutional. And so, the Court: (1) **DENIES as MOOT** Defendants' motion to dismiss (ECF No. 29); (2) **DENIES as MOOT** Plaintiffs' cross-motion for summary judgment (ECF No. 31); and (3) **DISMISSES** Count IV of the amended complaint (ECF No. 25) **WITHOUT PREJUDICE**.

The question of mootness implicates the Court's jurisdiction. *See Spangler*, 832 F.2d. at 297. Therefore, the Court must consider whether this dispute is moot, even though neither party

raises that argument.  *See id.* ("Because the question of mootness implicates our jurisdiction over this appeal, we are obligated to consider it as a preliminary matter even though neither party asserts mootness."); *see also Kennedy v. Block*, 784 F.2d 1220, 1222 n.1 (4th Cir. 1986) ("[T]he mootness doctrine is a constitutional or prudential limitation upon the competence of federal courts to decide particular cases and is properly examined by the court whether or not the parties choose to address it.").

This Court has the "discretionary power to withhold injunctive and declaratory relief for prudential reasons, even in a case not constitutionally moot." *Spangler*, 832 F.2d at 297.  "The doctrine of prudential mootness allows a court to determine that, regardless of constitutional mootness, a case is moot because the court cannot provide an effective remedy and because it would be imprudent for the court to hear the case." *Feldman v. Pro Football, Inc.*, 579 F. Supp. 2d 697, 706 (D. Md. 2008), *aff'd*, 419 F. App'x 381 (4th Cir. 2011).

In this case, Plaintiffs seek a declaration and injunction against enforcement of the Act's Pass-through Prohibition.  *See generally*, Am. Compl.  But, as this Court has explained:

> The Fourth Circuit identified three relevant "concerns" that could support a finding of prudential mootness: (1) "the specific relief sought . . . no longer has sufficient utility to justify decision of [the] case on the merits"; (2) "the difficulty and sensitivity of the constitutional issue at the core of [the] controversy"; and (3) the issues raised are not "capable of repetition yet likely to evade review" and thus do not "require immediate resolution."

*Goldstein v. F.D.I.C.*, Civ. No. ELH-11-1604, 2014 WL 69882, at *11 (D. Md. Jan. 8, 2014) (citing *Spangler*, 832 F.2d at 297–98); *see also Under Seal*, 757 F.2d at 603 (finding an issue prudentially mooted in view of the "inability to give an effective remedy under the circumstances [then] developed and . . . the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence ha[d] been at least substantially altered by supervening events" where the issue was "not likely to recur in its original form" and where the issue was then "subject to determination in a more appropriate forum and litigation setting").

The Court is satisfied that these concerns warrant withholding the injunctive and declaratory relief sought in this case for several reasons.

First, the intervening decision by the circuit court has vitiated Plaintiffs' "present need for . . . relief from the federal courts." *Spangler*, 832 F.2d at 297.  As the parties acknowledge, the circuit court issued a declaratory judgment concluding that, among other things, the tax imposed by the Act is unconstitutional.  Without a tax to impose, there is no ability for Plaintiffs to pass

6

through this tax to their customers, either directly or indirectly.  Given this, any decision by this Court regarding the constitutionality of the Pass-Through Prohibition would have no practical effect on the outcome of this case.  *Progressive N. Ins. Co.*, 2022 WL 670871, at *3  (a case is moot where a ruling "could not have any practical effect on the outcome of [a] case" (quoting *Norfolk S. Ry Co.*, 608 F.3d at 161)).  And so, "the specific relief sought here no longer has sufficient utility to justify [a] decision of this case on the merits."  *Spangler*, 832 F.2d at 297.

A decision by this Court regarding the constitutionality of the Pass-Through Prohibition, at this juncture, would also amount to an advisory opinion.  *Cf. California v. Texas*, 141 S. Ct. 2104, 2116 (2021) ("To find standing here to attack an unenforceable statutory provision would allow a federal court to issue what would amount to an advisory opinion without the possibility of any judicial relief. . . . It would threaten to grant unelected judges a general authority to conduct oversight of decisions of the elected branches of Government." (quotations and citations omitted).)  Plaintiffs maintain that this case is not moot, because, among other things, the question of whether they may identify increased customer pricing with express fees or surcharges related to those estimated payments remains a live issue.  Pl. Status R., ECF No. 88. But, Article III of the Constitution guards against federal courts assuming this kind of jurisdiction to provide an advisory opinion on this issue.

In addition, this case involves the sensitive issue of the constitutionality of a Maryland statute, which is currently being considered by the State's appellate court.  On November 21, 2022, the Comptroller of Maryland filed a notice of appeal of the circuit court's decision, which is currently pending before the Court of Special Appeals of Maryland.  *See* ECF No. 95-5. During the hearing held on November 29, 2022, Defendants acknowledged that the Court of Special Appeals of Maryland could consider the constitutionality of the Pass-Through Prohibition in connection with that proceeding.  Given the pending appeal before the State's appellate court, the Court is disinclined to address this sensitive constitutional issue.  *See Feldman*, 579 F. Supp. 2d at 707 ("Cases that are found prudentially moot typically deal with sensitive and difficult constitutional questions." (citing *Spangler*, 832 F.2d at 298; *Under Seal*, 757 F.2d at 604; *Smyth v. Carter*, 88 F. Supp. 2d 567, 571 (W.D. Va. 2000)).); *see also Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 739 (4th Cir. 1990) ("Under the circumstances,

we should not engage in what would be meaningless adjudication of an issue of considerable difficulty . . . and we decline to do so.").[3]

As a final matter, the Court is also satisfied that the First Amendment question presented in this case is not capable of repetition, such that it requires immediate resolution by the Court. As discussed above, the Circuit Court of Anne Arundel County has found the tax imposed by the Act to be unconstitutional. And so, there is no immediate risk that the Pass-Through Prohibition will be enforced against Plaintiffs and their members.

The Court is, of course, aware that the circuit court's decision could be reversed on appeal. Should that occur, the Court agrees with the parties that this dispute could become the subject of a justiciable controversy once again. *See Burke*, 897 F.2d at 739–40 (explaining that the reversal of the state court on appeal "would of course make the issue . . . no longer legally irrelevant but again the subject of a justiciable controversy."). But, "[t]hat possibility may be fairly accommodated" by dismissing this case without prejudice, *id.*, as the parties requested should the Court find this case to be moot for prudential reasons.

For these reasons, the Court will DENY the parties' cross-motions as moot and DISMISS Count IV of the amended complaint WITHOUT PREJUDICE.

## V.  CONCLUSION

For the foregoing reasons, the Court:

1. **DENIES as MOOT** Defendants' motion to dismiss (ECF No. 29);
2. **DENIES as MOOT** Plaintiffs' cross-motion for summary judgment (ECF No. 31); and
3. **DISMISSES** Count IV of the amended complaint **WITHOUT PREJUDICE**.

---

[3] The Court observes that the parties continue to disagree about what the Pass-Through Prohibition prohibits. *Compare* ECF No. 72 at 3, 6–7 (Defendants explaining that "the statute places no limitations or constraints on what the taxpayer can communicate about the tax, whether it be *stating the amount of digital ad tax* or expressing any views the taxpayer might have about the tax" and that there is an economic difference between "the indirect process of 'factoring' a tax cost into pricing along with other costs of doing business" and "directly passing on the tax to the customer" (emphasis added)), *with* ECF No. 85 at 2–3 (Plaintiffs explaining that "[a]ll that the pass-through provision forbids is the written identification of a lawful price increase as a 'separate fee, surcharge, or line item' on customer communications such as bills and invoices").

Judgment is entered accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge