IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, et al.,

*Plaintiffs*,

v.

BROOKE E. LIERMAN,

*Defendant*.

No. 1:21-cv-410-LKG

**PLAINTIFFS' SUPPLEMENTAL RESPONSE BRIEF
ON THE MEANING OF THE PASS-THROUGH PROVISION**

Plaintiffs have shown repeatedly that the pass-through provision, Tax-Gen. § 7.5-102(c), regulates speech and not conduct. *See, e.g.*, Dkt. 116, at 2-5; Dkt. 31, at 56. And earlier in these proceedings, the parties stipulated that the provision does not prohibit taxpayers from "indirectly passing on the cost of the tax" by raising their prices as a general matter; it prohibits only the passing on of the cost "by means of a 'separate fee, surcharge, or line-item'" on a customer communication. Dkt. 68, at 1.

The Comptroller has since affirmed that she, like we, "continues to adhere to the interpretation of the pass-through provision as expressed" in the parties' joint stipulation. Dkt. 115, at 1-2. She has furnished the further explanation that the pass-through provision "(1) does not affect an entity's internal-facing deliberations or accounting regarding the amount to charge for its services, (2) does not impose any restriction on the amount that an entity may in fact charge, and in turn (3) does not prohibit an entity from factoring the estimated cost of the tax into the price that it ultimately charges its customers." *Id*. at 2. That confirms that the statute does only one thing: It regulates how taxpayers communicate

1

with their customers about the tax. Although the Comptroller urges that taxpayers may still "convey information about the tax . . . through other means" (Dkt. 115, at 3), the ability of taxpayers to express general disagreement with the tax or to note the existence of the tax in the abstract does not remedy the First Amendment violation.

The Comptroller also asserts that the pass-through provision "places no limitations or constraints on what the taxpayer can communicate about the tax," including "stating the amount of the digital ad tax." Dkt. 115, at 3-4 (quoting Dkt. 72, at 1). But by its own admission (Dkt. 68, at 1), that is simply wrong. The law forbids taxpayers from identifying the fact and amount of the digital ad tax as a separately stated fee on, or in, any communication with a customer.

We gave several concrete examples of exactly how the pass-through provision works, by censoring statements on a taxpayer's communications with its customers. *See* Dkt. 85, at 2-3. The Comptroller has never suggested that these examples would be permissible under the act, nor attempted to explain how such censorship might survive First Amendment review. As the Sixth Circuit has explained, moreover, a line-item or separate fee reflecting recoupment of a tax "is about announcing who bears political responsibility for [rising prices] and about doing so in the forum most likely to capture voters' attention: an invoice that displays a predictable consequence of the tax." *BellSouth Telecommunications, Inc. v. Farris*, 542 F.3d 499, 505 (6th Cir. 2008).

Dated: April 8, 2024

Respectfully submitted,

/s/ *Michael B. Kimberly*

Michael B. Kimberly (No. 19086)
Stephen P. Kranz*
Charles Seidell (No. 21830)
   *McDermott Will & Emery LLP*
   *500 North Capitol Street NW*
   *Washington, DC 20001*
   *mkimberly@mwe.com*
   *(202) 756-8000*

*Attorneys for All Plaintiffs*

Tara S. Morrissey*
Jennifer B. Dickey*
   *U.S. Chamber Litigation Center*
   *1615 H Street NW*
   *Washington, DC 20062*
   *(202) 463-5337*

*Attorneys for the Chamber of Commerce of the United States of America*

* admitted pro hac vice